Peter Paul BIRO, Plaintiff–Appellant,

v.

CONDÉ NAST, a division of Advance Magazine Publishers Inc., David Grann, Advance Magazine Publishers Inc., Louise Blouin Media Inc., Global Fine Art Registry LLC, Theresa Franks, Paddy Johnson, Yale University Press, Defendants–Appellees,

Patrick Bahners, Georgia Museum of Art, International Council of Museums, Dan Rattiner, Manhattan Media LLC, Dan's Papers, LLC, Gawker Media LLC, Business Insider, Inc., Defendants.

Docket No. 14–3815–cv.

United States Court of Appeals, Second Circuit.

Argued: Oct. 2, 2015.

Decided: Dec. 8, 2015.

**542**

Richard A. Altman, Law Office of Richard A. Altman, New York, N.Y., for Plaintiff-Appellant.

David A. Schulz, Levine Sullivan Koch & Schulz, LLP, New York, N.Y.; Chad R. Bowman, Levine Sullivan Koch & Schulz, LLP, Washington, DC, for Defendants–Appellees Conde Nast, a division of Advance Magazine Publishers Inc., Advance

Magazine Publishers Inc., and David Grann.

Diane Boenig Cavanaugh, Desmond C.B. Lyons, Lyons McGovern, LLP, White Plains, N.Y., for Defendant–Appellee Louise Blouin Media Inc.

Anthony N. Gaeta (William A. Friedman, on the brief), Levine DeSantis, LLC, Springfield, NJ, for Defendants–Appellees Global Fine Art Registry LLC and Theresa Franks.

Darren W. Johnson (Lynn B. Bayard, Danielle B. Polebaum, on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y., for Defendant–Appellee Paddy Johnson.

Floyd Abrams (Brian Markley, on the brief), Cahill Gordon & Reindel LLP, New York, N.Y., for Defendant–Appellee Yale University Press.

Before: JACOBS and LOHIER, Circuit Judges, and CRAWFORD, District Judge.*

LOHIER, Circuit Judge:

In this appeal from a dismissal of a defamation suit, we address whether Rule 8 of the Federal Rules of Civil Procedure requires a limited-purpose public figure to plead in a plausible way that defendants acted with actual malice. We conclude that it does. We therefore affirm the judgment of the United States District Court for the Southern District of New York (Oetken, J.) dismissing plaintiff Peter Paul Biro's complaint on the ground that he failed to plead sufficient facts to give rise to a plausible inference of actual malice. We dispose of Biro's remaining arguments on appeal in a separate summary

* The Honorable Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

order filed simultaneously with this opinion.[1]

## BACKGROUND

This defamation suit involves a July 2010 article (the "Article") written by journalist David Grann and published by *The New Yorker*.[2] The Article focused on Biro, a controversial figure known in the art world for using fingerprint analysis to authenticate art in an effort to insert a measure of objectivity into a previously subjective process. The Article raised questions about the trustworthiness of Biro's methods and his authentication of paintings. Among other things, the Article contained interviews of various individuals critical of Biro, and it suggested that Biro stood to profit from some of his more dubious authentications. To say the least, we agree with the District Court's observation that "[t]here is little question that a reader may walk away from the Article with a negative impression of Biro." *Biro v. Condé Nast (Biro I )*, 883 F.Supp.2d 441, 482 (S.D.N.Y. 2012).

The Article was subsequently republished or referenced by various other defendants (collectively, the "republishers"), including Louise Blouin Media Inc. ("LBM") in an interview published on its website; the Global Fine Art Registry ("FAR") and Theresa Franks in a series of online posts about Biro's ongoing defamation litigation; Paddy Johnson on an art blog; and the Yale University Press ("YUP") in a book it published that referred generally to a "purported forensics expert" without naming Biro.

Biro sued Grann, Condé Nast, and Advance (collectively, the *"New Yorker* defendants") as well as the republishers for defamation. Biro generally alleged that each of the *New Yorker* defendants "either knew or believed or had reason to believe that many of the statements of fact in the Article were false or inaccurate, and nonetheless published them," and that they "acted with actual malice, or in reckless disregard of the truth, or both." Biro sought to buttress his allegation of actual malice by further alleging that the *New Yorker* defendants, among other things, (1) failed to "investigate and determine the validity" of the allegedly defamatory statements; (2) relied on anonymous and biased sources; and (3) "ignore[d] the many other works of art which plaintiff has worked with over the years, as well as his many satisfied clients." Biro also alleged that Grann had "defamatory propensities."

Turning to the republishers, Biro generally alleged that LBM, FAR, Franks, Johnson, and YUP acted with actual malice "in that [they] knew or should have known" that many of the statements of fact in the Article "were false," and that they "published [the statements] … notwithstanding that knowledge." In addition, Biro alleged that LBM "fail[ed] to remove the interview for one month"; Johnson did not retract the alleged defamatory statements; YUP "chose to publish [the] language notwithstanding that plaintiff had already sued others for defamation arising from the Article"; and FAR and Franks published the statements "with ill will and malicious and evil intent to harm" Biro.[3]

---

1. In urging reversal, Biro argues that he does not have to allege actual malice because he is not a limited-purpose public figure. We conclude in the summary order that the District Court correctly held that Biro was a limited-purpose public figure.

2. *The New Yorker* is published by defendant Condé Nast, a division of defendant Advance Magazine Publishers Inc. ("Advance").

3. We address the dismissal of Biro's claims against FAR and Franks in the separate summary order filed simultaneously with this opinion.

The District Court held that Biro had adequately alleged an "actionable defamatory false statement of fact, or false implication," with respect to four sections of the Article. *Biro I*, 883 F.Supp.2d at 483. But the District Court ultimately dismissed both the claims against the *New Yorker* defendants related to those sections and the claims against the majority of the republishers on the ground that Biro, as a limited-purpose public figure, failed to plead sufficient facts to give rise to a plausible inference of actual malice. *See Biro v. Conde Nast (Biro II)*, 963 F.Supp.2d 255, 276, 281, 288 (S.D.N.Y. 2013); *Biro v. Conde Nast (Biro III)*, No. 11–CV–4442 (JPO), 2014 WL 4851901, at *1–2, *4–5 (S.D.N.Y. Sept. 30, 2014). In doing so, the District Court relied on *Iqbal's* instruction that, where a particular state of mind is an element of a claim, Rule 8 requires that it be plausibly pleaded and supported by factual allegations. *Biro II*, 963 F.Supp.2d at 278 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686–87, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 & n. 2 (2d Cir.2007).

This appeal followed.

## DISCUSSION

■ We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir.2010); *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir.2012). To survive either motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see DiFolco*, 622 F.3d at 111 (Rule 12(b)(6));

*Graziano*, 689 F.3d at 114 (Rule 12(c)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. But "naked assertions" or "conclusory statements" are not enough. *Id.* (quotation marks omitted). These federal pleading rules and standards, including the Supreme Court's interpretation of Rule 8, prevail in "'all civil actions,'" *id.* at 684, 129 S.Ct. 1937 (quoting Fed.R.Civ.P. 1), including diversity litigation, *see Hanna v. Plumer*, 380 U.S. 460, 468–74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Cnty. of Erie, N.Y. v. Colgan Air, Inc.*, 711 F.3d 147, 149 (2d Cir.2013) (applying Rule 8's plausibility standard in an action based on diversity jurisdiction).

■ Limited-purpose public figures who seek damages for defamatory statements must show that the statements were made with "actual malice"—that is, with knowledge that the statements were false or with reckless disregard as to their falsity. *See, e.g., N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) (public officials); *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 154–55, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967) (public figures); *Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 137, 139 (2d Cir.1984) (limited-purpose public figures). In urging us to hold that he did not have to allege facts sufficient to render his allegations of actual malice plausible, Biro notes that Rule 9(b) allows malice to "be alleged generally," Fed.R.Civ.P. 9(b), and points to the District Court's observation that "neither the Supreme Court nor the Second Circuit has precisely articulated the effect of *Iqbal* and *Twombly* on defamation cases," *Biro II*, 963 F.Supp.2d at 278. Both observations may be true, but *Iqbal* makes clear that, Rule 9(b)'s language not-

withstanding, Rule 8's plausibility standard applies to pleading intent. 556 U.S. at 686–87, 129 S.Ct. 1937. There, the Supreme Court held that "Rule 9(b) requires particularity when pleading fraud or mistake, while allowing malice, intent, knowledge, and other conditions of a person's mind to be alleged generally," but "does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8." *Id.* (quotation marks omitted). It follows that malice must be alleged plausibly in accordance with Rule 8. Our sister circuits that have considered the issue agree. *See, e.g., Pippen v. NBCUniversal Media, LLC,* 734 F.3d 610, 614 (7th Cir.2013) ("States of mind may be pleaded generally, but a plaintiff still must point to details sufficient to render a claim plausible."); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 377 (4th Cir.2012) ("[M]alice must still be alleged in accordance with Rule 8—a 'plausible' claim for relief must be articulated."); *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 58 (1st Cir.2012) ("[T]o make out a plausible malice claim, a plaintiff must still lay out enough facts from which malice might reasonably be inferred. . . ."). In any event, we have long made clear that "[d]efamation actions are, for procedural purposes, . . . to be treated no differently from other actions," *Yiamouyiannis v. Consumers Union,* 619 F.2d 932, 940 (2d Cir.1980), and Biro fails to offer a persuasive reason why the pleading standard should differ in defamation cases generally or in the malice inquiry specifically.

■ Biro relies on our pre-*Iqbal* decision in *Church of Scientology International v. Behar,* in which we explained that "resolution of the . . . actual malice inquir[y] typically requires discovery," 238 F.3d 168, 173 (2d Cir.2001), to argue that it is "impossible" without discovery for a plaintiff to plead facts demonstrating that the claim of actual malice is plausible. We disagree. The hurdles to plausibly pleading actual malice, though significant given the First Amendment interests at stake, are by no means insurmountable. *See* 2 Robert D. Sack, *Sack on Defamation* § 16:2.2 at 16.7–8 (4th ed. 2010) ("It can hardly be ruled out . . . that plaintiffs' counsel will develop extrajudicial means of obtaining sufficient facts to plead 'actual malice' with the degree of specificity required by *Iqbal* and *Twombly,* enabling the plaintiff to prevail on a defendant's motion to dismiss and then to engage in further discovery on the issue."). "Although actual malice is subjective, a court typically will infer actual malice from objective facts," understanding that a defendant in a defamation action will rarely admit that he published the relevant statements with actual malice. *Celle v. Filipino Reporter Enters. Inc.,* 209 F.3d 163, 183 (2d Cir.2000) (quotation marks omitted). And of course whether actual malice can plausibly be inferred will depend on the facts and circumstances of each case. For example, a plaintiff may allege that "a story [was] fabricated by the defendant" if the defendant provides no source for the allegedly defamatory statements or if the purported source denies giving the information. *St. Amant v. Thompson,* 390 U.S. 727, 732, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). Or the plaintiff may point to the fact that the allegedly defamatory statements were "based wholly on an unverified anonymous telephone call" or were published despite "obvious [specified] reasons to doubt the veracity of the informant or the accuracy of his reports" or despite the "inherently improbable" nature of the statements themselves. *Id.*

In practice, requiring that actual malice be plausibly alleged has not doomed defamation cases against public figures. To the contrary, district courts in and out of

our Circuit have inferred actual malice at the pleading stage from allegations that referred to the nature and circumstances of the alleged defamation or previous dealings with the defendant. *See, e.g., Tiversa Holding Corp. v. LabMD, Inc.,* Civ. A. No. 13–1296, 2014 WL 1584211, at *7 (W.D.Pa. Apr. 21, 2014); *Lynch v. Ackley,* Civ. No. 3:12CV537 (JBA), 2012 WL 6553649, at *9 (D.Conn. Dec. 14, 2012); *Ciemniecki v. Parker McCay P.A.,* Civ. No. 09–6450 (RBK/KMW), 2010 WL 2326209, at *14 (D.N.J. June 7, 2010).

Relying on *Boyd v. Nationwide Mutual Insurance Company,* which was decided prior to *Iqbal* and *Twombly,* Biro also argues that he was entitled to proceed to discovery because he alleged "facts suggestive enough to warrant discovery, even where those facts alone would not establish a cause of action for defamation." 208 F.3d 406, 410 (2d Cir.2000). To the extent that Biro reads *Boyd* as permitting an implausible claim to proceed to discovery, we think *Twombly* rejected this approach. 550 U.S. at 559, 127 S.Ct. 1955("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process...."). Instead, a public-figure plaintiff must plead "plausible grounds" to infer actual malice by alleging "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" actual malice. *Id.* at 556, 127 S.Ct. 1955.

 Having determined that actual malice must be plausibly alleged, we now consider whether Biro's allegations meet that standard. We conclude that they do not. First, Biro's nonconclusory allegations against the *New Yorker* defendants fall short of raising a plausible inference of actual malice. We recognize that although

"[f]ailure to investigate does not in itself establish bad faith," *St. Amant,* 390 U.S. at 733, 88 S.Ct. 1323, reliance on anonymous or unreliable sources without further investigation may support an inference of actual malice, *id.* at 732, 88 S.Ct. 1323. Here, though, none of the four sections of the Article containing the allegedly defamatory statements were based "wholly" on information from unverified and anonymous sources. *Id.; Church of Scientology Int'l,* 238 F.3d at 174. Nor does Biro's complaint allege facts that would have prompted the *New Yorker* defendants to question the reliability of any of the named or unnamed sources at the time the Article was published. For example, the allegations casting doubt on the reliability of Franks and Marion Hendler as sources relate only to events that occurred after publication of the Article and therefore "cannot be relevant to the publisher's state of mind [regarding] his alleged malice at the time of publication." *Herbert v. Lando,* 781 F.2d 298, 306 (2d Cir.1986). The failure of the *New Yorker* defendants to correct a statement unrelated to the allegedly defamatory statements in light of events that occurred after publication is similarly insufficient to render the allegation of actual malice plausible. In addition, Grann's decision to focus on Biro's controversial authentications, while ignoring both his other authentications and his satisfied clients, does not plausibly suggest that Grann "entertained serious doubts as to the truth of his publication." *St. Amant,* 390 U.S. at 731, 88 S.Ct. 1323; *see also Church of Scientology Int'l,* 238 F.3d at 174 ("Despite its name, the actual malice standard does not measure malice in the sense of ill will or animosity, but instead the speaker's subjective doubts about the truth of the publication.").[4]

---

4. Biro's allegation about Grann's "defamatory propensities" rests entirely on a lawsuit

Second, we conclude that nearly all of Biro's allegations against the republisher defendants LBM, Johnson, and YUP are conclusory. We agree with the District Court that any remaining nonconclusory allegations against these defendants are inadequate to state a plausible claim for relief.

In summary, Biro does not plausibly allege that the defendants acted with actual malice.

## CONCLUSION

For the foregoing reasons and those set forth in the accompanying summary order, we **AFFIRM** the judgment of the District Court.

against Grann that was not adjudicated on the merits; it is not an allegation that Grann actually defamed the plaintiff in that lawsuit or any other lawsuit prior to this one. In other words, there is no well-pleaded, nonconclusory allegation that Grann actually had "defamatory propensities."