Staten v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

PRESENT:
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **REENA RAGGI,**
> *Circuit Judges.*

_____

**Claude A. Staten,**

> *Plaintiff-Appellant*,

> v.                                             15-2611

**City of New York,**

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**          Claude A. Staten, pro se, Middletown, NY.

**FOR DEFENDANT-APPELLEE:**          Julie Steiner (<u>with</u> Pamela Seider Dolgow <u>on the brief</u>)
                                                          <u>for</u> Zachary W. Carter, Corporation Counsel of the City
                                                          of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Claude A. Staten, pro se, appeals from the district court's judgment dismissing his complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint for failure to state a claim, "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the Title VII context, a plaintiff does not have to plead a prima facie case pursuant to the first stage of the *McDonnell Douglas* burden-shifting framework to survive a motion to dismiss, and is instead required to plausibly allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free Sch. Dist*., 801 F.3d 72, 84-85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

1. Under the doctrine of claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as

2

the earlier suit." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc*., 779 F.3d 102, 107-08 (2d Cir. 2015) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Claim preclusion also bars "claims that might have been raised in the prior litigation but were not." *Id*. at 108. Claim preclusion arises when a previous action (1) "involved an adjudication on the merits," (2) involved the same adverse parties as the instant litigation "or those in privity with them," and (3) involved claims asserted in the instant litigation that "were, or could have been, raised in the prior action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (internal quotation marks omitted).

As the district court concluded, claim preclusion applies to bar relitigation of Staten's promotion claims because he could have raised those claims in his prior federal action, which raised nearly identical claims. Staten argues that the continuing violation doctrine revives his promotion claims; however, the continuing violation doctrine applies to timeliness, not claim preclusion. *See Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004).

**2.** The district court also correctly determined that several of Staten's claims were time-barred. A Title VII plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days "after the alleged unlawful employment practice occurred"; claims based on conduct that occurred more than 300 days before the plaintiff filed his EEOC charge are time barred. 42 U.S.C. § 2000e-5(e)(1). Since Staten filed his EEOC charge in December 2013, claims based on conduct that occurred before February 2013 are time-barred. *See Vega*, 801 F.3d at 78-79. That bar defeats most of Staten's claims of hostile work environment, his retaliation claim based on complaints he made in 2006 and 2007, and his claim alleging unequal terms and conditions of employment (premised on the City's failure to recognize

3

him for his involvement in two shootings that occurred in 1996 and 2000).[1]  *See id.*

The district court also correctly concluded that the continuing violation doctrine did not apply to Staten's time-barred hostile work environment claims.   Under the continuing violation doctrine, "if a plaintiff has experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it."   *Washington*, 373 F.3d at 317 (alteration in original) (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001)).   In this context, if timely acts are sufficiently related to acts preceding the limitations period, we consider the entire scope of the claim, including behavior outside the limitations period.   *See McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75-76 (2d Cir. 2010).   Staten's time-barred claims were insufficiently related to his timely claims to constitute a continuing violation.   His time-barred hostile work environment claims alleged derogatory comments, unjust punishment for failing to secure his locker, and withholding of PBA cards; by contrast, his timely claims focused primarily on complaints about specific job assignments, orders that he disagreed with, or issues with the department confirming that he complied with internal rules.

**3.**   We agree with the district court that Staten failed to plausibly allege a hostile work environment claim, that is, he failed to state facts suggesting that "the harassment was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment."   *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (internal quotation marks

---

[1] The district court erroneously determined that Staten failed to allege that he engaged in protected conduct to support a retaliation claim; we affirm nonetheless because that claim was also time-barred.  *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 580 (2d Cir. 2006) ("This Court may 'affirm an appealed decision on any ground which finds support in the record . . . .'" (quoting *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990)).

4

omitted) (quoting *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002)). We consider factors including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with [the] employee's work performance." *Id.* at 150 (alteration in original) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

Staten timely challenges only the dismissal of the hostile work environment claim that a lieutenant gave him dangerous orders. Specifically, Staten alleges he was ordered to leave his patrol car in a dangerous plaza and handle a disorderly group in a specific way placed him in danger. Staten failed to plausibly allege that these orders amounted to sufficiently severe or pervasive harassment; receiving orders to work in dangerous locations or control dangerous situations, absent more, does not amount to a hostile work environment given Staten's employment as a police officer.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5