16-102
*Silver v. Cheektowaga Central School Dist.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand sixteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

───────────────────────────────────────────

JOELLE SILVER,

> *Plaintiff-Appellant*,

> v.                                                    No. 16-102

CHEEKTOWAGA CENTRAL SCHOOL DISTRICT, DENNIS KANE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF SCHOOLS, CHEEKTOWAGA CENTRAL SCHOOL DISTRICT, AND BRIAN J. GOULD, IN HIS OFFICIAL CAPACITY AS PRESIDENT, BOARD OF EDUCATION, CHEEKTOWAGA CENTRAL SCHOOL DISTRICT,

> *Defendants-Appellees*.

───────────────────────────────────────────

For Plaintiff-Appellant:           ROBERT JOSEPH MUISE, American Freedom
                                   Law Center, Ann Arbor, MI (David
                                   Yerushalmi, *on the brief*, American
                                   Freedom Law Center, Washington, DC).

For Defendants-Appellees:          JEREMY A. COLBY (Michael P. McClaren,
                                   *on the brief*), Webster Szanyi LLP, Buffalo,
                                   NY.

Appeal from the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Joelle Silver appeals from the judgment of the United States District Court for the Western District of New York (Vilardo, *J.*) dismissing her complaint. We assume the parties' familiarity with the procedural history and facts of this case.

We review *de novo* a district court's dismissal for failure to state a claim, "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). First, Silver alleged that the Cheektowaga Central School District had violated her First Amendment right to free speech by imposing the restrictions outlined in the School District's "counseling letter," which included a direction to remove various religiously-themed postings in Silver's classroom. However, this Court has stated that "schools may direct teachers to 'refrain from expression of religious viewpoints in the classroom and like settings,'" *Marchi v. Bd. of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 475 (2d Cir. 1999) (quoting *Bishop v. Aronov*, 926 F.2d 1066, 1077 (11th Cir. 1991)), and that "schools have a constitutional duty to make 'certain . . . that subsidized teachers do not inculcate religion.'" *Id.* (quoting *Lemon v. Kurtzman*, 403 U.S. 602, 619 (1971) (alteration in original)).

Further, "when government endeavors to police itself and its employees in an effort to avoid transgressing Establishment Clause limits, it must be accorded some leeway." *Id.* at 476. Here, the restrictions outlined in the counseling letter fell within the scope of the "leeway" referenced in *Marchi*. Consequently, we affirm the District Court's dismissal of Silver's free speech claim.

Second, Silver alleged that the School District had violated the Establishment Clause of the First Amendment by restricting her religious expression, thereby "convey[ing] an impermissible, government-sponsored message of disapproval of and hostility toward the Christian religion." J.A. 20. "[F]or challenged government action to satisfy the neutrality principle of the Establishment Clause, it must (1) 'have a secular . . . purpose,' (2) have a 'principal or primary effect . . . that neither advances nor inhibits religion,' and (3) 'not foster an excessive government entanglement with religion.'" *Am. Atheists, Inc. v. Port Auth. of N.Y. & N.J.*, 760 F.3d 227, 238 (2d Cir. 2014) (alterations in original) (quoting *Lemon*, 403 U.S. at 612-13). Here, the restrictions imposed by the School District had the secular purpose of, and primary effect of, "avoidance of the perception of religious endorsement," *Peck ex rel. Peck v. Baldwinsville Cent. Sch. Dist.*, 426 F.3d 617, 634 (2d Cir. 2005), and they did not excessively entangle the School District in religious matters. *See id.* Therefore, we uphold the District Court's dismissal of Silver's Establishment Clause claim.

Third, Silver alleged a violation of the Equal Protection Clause of the Fourteenth Amendment, on the basis that she was "prevented . . . from expressing a religious message in a forum in which personal, non-curricula [sic] speech of School District teachers, faculty, and administrators is permitted because Defendants found Plaintiff's religious views and viewpoint unacceptable." J.A. 21. However, in light of our conclusion that Silver's First Amendment claims fail, we conclude that her equal protection claim, grounded in her alleged

right to post or otherwise use the materials referenced in the counseling letter, fails as well. *See*

*African Trade & Info. Ctr., Inc. v. Abromaitis*, 294 F.3d 355, 363-64 (2d Cir. 2002). As a result,

we uphold the District Court's dismissal of Silver's equal protection claim.

We have considered all of Silver's remaining arguments and find in them no basis for

reversal. Accordingly, for the foregoing reasons, the judgment of the District Court is

**AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK