Vaughn v. Phoenix House New York Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> *Circuit Judges.*

_____

Mark Vaughn,

> *Plaintiff-Appellant*,

> v.                                                                                    16-3049

Phoenix House New York Inc. Arthur Wallace,
Substance Abuse Counselor, Brendon L. Hoffman,
President, Phoenix House Programs of New York,
Thomas Jasper, Chairman of Phoenix House
Programs of New York, Denise Buckley, Managing
Director, Phoenix House L.I.C., Howard Meitiner,

> *Defendants-Appellees*,

Terrance Waring, House Manager of Phoenix House
Long Island City Campus, Herman Lazada,
Managing Director, Phoenix House Career
Academy, William Brown, Substance Abuse
Counselor, Phoenix House,

> *Defendant*s.

_____

FOR PLAINTIFF-APPELLANT:        Mark Vaughn, *pro se*, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:       MARIE D. HOWICK (Rachel G. Skaistis, *on the brief*), Cravath, Swaine & Moore LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and that this case is **REMANDED** to the district court for further proceedings consistent with this opinion.

Plaintiff-Appellant Mark Vaughn, proceeding *pro se*, appeals from a judgment in favor of Defendants-Appellees. In 2009, Vaughn was ordered by the Kings County Supreme Court to participate in a drug rehabilitation program as an alternative to prison. He was assigned to Phoenix House of New York, Inc., where he was required to perform certain "job functions." App. 23. After earlier refusals to abide by this requirement, Vaughn eventually complied upon being informed by the Kings County Supreme Court in April 2011 that "if [he was] kicked out of the program, [he would] go[] to jail." App. 30. In May 2014, Vaughn sued Phoenix House and various of its employees and officers. He asserted claims under 42 U.S.C. §§ 1983 and 1994 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, as well as state and local laws. This appeal follows the district court's dismissal without prejudice of Vaughn's first amended complaint and its dismissal with prejudice of his second amended complaint. *See Vaughn v. Phoenix House Programs of N.Y.*, No. 14 Civ. 3918, 2015 WL 5671902 (S.D.N.Y. Sept. 25, 2015) ("*Vaughn I*"); *Vaughn v. Phoenix House Programs of N.Y.*, No. 14 Civ. 3918, 2016 WL 4223748 (S.D.N.Y. Aug. 9, 2016) ("*Vaughn II*"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Because Vaughn appears *pro se*, we are "constrained to conduct our examination with 'special solicitude,' interpreting the complaint to raise the 'strongest claims that it suggests.'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)).

Upon review, we conclude that Vaughn's claims under § 1983 are time barred. The only basis Vaughn asserts for state action is the role of the state court in gaining Vaughn's compliance with Phoenix House's rehabilitation program. Even assuming this would be sufficient to demonstrate state action, the most recent allegation of state intervention occurred in April 2011. Accordingly, any injury from the state action accrued in April 2011, more than three years before Vaughn filed his original complaint in May 2014. *See Owens v. Okure*, 488 U.S. 235, 251 (1989) (recognizing three-year statute of limitations for § 1983 claims in New York).

We further conclude that Vaughn's claim under § 1994, the federal anti-peonage statute, lacks any merit. Vaughn alleged that he owed Phoenix House "nothing in the way of finances or payment," Second Am. Compl. at 22, and he therefore cannot demonstrate that his circumstances qualify as peonage because he was not "bound by the threat of a penal sanction to remain at his employment until [a] debt has been discharged." *Taylor v. Georgia*, 315 U.S. 25, 29 (1942).

We believe, however, that Vaughn's FLSA claim needs further analysis. This claim was dismissed below on the grounds that Vaughn is not "an 'employee' protected by that statute"

3

because he received "'the principal benefit of [his] participation in the [rehabilitation] program,'" which he had entered "'to resolve the criminal charges against him'" rather than "'for the purpose of receiving monetary compensation.'" *Vaughn II*, 2016 WL 4223748, at \*4 (quoting *Vaughn I*, 2015 WL 5671902, at \*7–9). Yet in reaching this conclusion, neither the district court nor the authority on which it relies addressed an important precedent that may bear on this question.

In *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 533 (2d Cir. 2016), we addressed the question of "under what circumstances an unpaid intern must be deemed an 'employee' under the FLSA and therefore compensated for his work." In doing so, we explained that "the proper question is whether the intern or the employer is the primary beneficiary of the relationship" and set out a non-exhaustive set of factors for courts to weigh as they consider "the 'economic reality' of the relationship." *Id.* at 536–37 (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008)). Although that analysis was "confined to internships" and does not necessarily "apply to training programs in other contexts" in light of "the relationship between the internship and the intern's formal education," *id.* at 537, the nature of that relationship may have some resemblance to the vocational training aspects of certain rehabilitation programs, a context in which other courts have looked to the purpose of the work performed because "the presence of a rehabilitative element does not preclude an employment relationship," *Williams v. Strickland*, 87 F.3d 1064, 1067 (9th Cir. 1996). Nevertheless, *Glatt* was not addressed in *Vaughn I* or *Vaughn II*, nor in any of the briefing below or before this Court.

Rather than address in the first instance how *Glatt* may impact the resolution of this dispute, if at all, or whether disposing of this matter at the motion to dismiss stage is appropriate in

4

light of *Glatt* and *Williams*, we deem it best to vacate the decision below with respect to its analysis of Vaughn's FLSA claim and to remand this matter for further consideration. This also necessitates vacating the dismissal of Vaughn's claims under state and city law, as they were dismissed solely based upon the district court's determination not to exercise supplemental jurisdiction following dismissal of Vaughn's federal claims. *See Vaughn II*, 2016 WL 4223748, at *5. Although we express no opinion on the merits of Vaughn's FLSA claim, we nevertheless find that its legal complexity is such that "a claim of this sort is best made with the assistance of counsel" and we therefore respectfully "recommend that the district court, on remand, appoint counsel to aid [Vaughn] in pursing this claim." *Triestman*, 470 F.3d at 476; *see also* 28 U.S.C. § 1915(e)(1).

For the foregoing reasons, we **AFFIRM** the judgment of the district court with respect to Vaughn's causes of action pursuant to 42 U.S.C. §§ 1983 and 1994, we **VACATE** the judgment of the district court with respect to his causes of action under the FLSA, as well as his state and local claims, and we **REMAND** for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5