17-1101-cv
Wright v. Carter

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT:
JOHN M. WALKER, JR.,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
      *Circuit Judges*.

_____

Willie Frank Wright, Jr.,

*Plaintiff-Appellant*,

v.                                                                          17-1101

Shawn Carter, AKA Jay-Z, Roc Nation LLC,

*Defendants-Appellees*.[1]

_____

FOR PLAINTIFF-APPELLANT:        Willie Frank Wright, Jr., *pro se*, Pelham, GA.

FOR DEFENDANTS-APPELLEES:        Eleanor M. Lackman, Cowan, DeBaets, Abrahams & Sheppard LLP, New York, NY.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Willie Frank Wright, Jr., proceeding *pro se*, appeals from a judgment in favor of Shawn Carter ("Jay-Z") and Roc Nation LLC ("Roc Nation"). Wright alleged that Kanye West, acting as Jay-Z's agent, gave him permission to use Jay-Z's material in a "mixed video" that Wright subsequently uploaded to the internet. Later, however, Roc Nation blocked the video. The district court dismissed for failure to state a claim, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *See Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

On appeal, Wright contends that the district court impermissibly relied on material outside the pleadings when ruling on the defendants' motion to dismiss. Specifically, the district court cited a biography of Kanye West on Rolling Stone's website. This argument is frivolous. The

2

district court relied on the biography for general background. But this played no part in the district court's analysis of the viability of Wright's claim. The district court assumed the truth of Wright's "highly improbable if not unbelievable" allegations and properly concluded that he still failed to state a claim. Op. at 3. Wright's claim that he acted pursuant to an irrevocable license received from Jay-Z's agent, Kanye West, is essentially a claim for breach of contract. However, Wright did not plead consideration, and so no enforceable contract was formed. *See, e.g.*, *Holt v. Feigenbaum*, 419 N.E.2d 332, 336 (N.Y. 1981) (noting that the "notion of consideration" has "become an integral part of our modern approach to the enforceability of contracts"). Although he conclusorily asserts on appeal that consideration was present, even now he gives no details as to what benefit was to accrue to Jay-Z or Roc Nation or what detriment to himself. *See id.* The district court properly dismissed Wright's complaint.

We have considered Wright's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3