Browne v. Hynes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand eighteen.

Present:        RALPH K. WINTER,
                ROSEMARY S. POOLER,
                BARRINGTON D. PARKER,
                        *Circuit Judges*.

_____

KENDALL BROWNE,

        *Plaintiff-Appellant*,

                v.                                                      17-1304-cv

CHARLES J. HYNES, INDIVIDUALLY AND AS
DISTRICT ATTORNEY OF KINGS COUNTY,
ERIC T. SCHNEIDERMAN, AS ATTORNEY GENERAL
OF THE STATE OF NEW YORK, NEW YORK
STATE SUPREME COURT, MICHAEL SHAW, FORMER ADA,
ADA CAROLINE CAMPOMANES,
HONORABLE ANDREW M. CUOMO,
AS GOVERNOR OF THE STATE OF NEW YORK,

                *Defendants-Appellees*.

_____

Appearing for Appellant:        Kendall Browne, pro se, Albion, N.Y.

Appearing for Appellees
Hynes, Shaw, and Campomanes:

Emma Grunberg, Assistant Corporation Counsel (Deborah A. Brenner, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appearing for Appellees
Schneiderman, and Cuomo:

Mark H. Shawhan, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General for the State of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*; Mann, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Kendall Browne appeals from the March 29, 2017 memorandum and order of the United States District Court for the Eastern District of New York (Vitaliano, *J.*; Mann, *M.J.*) dismissing his complaint, which sought to have certain New York state sentencing laws declared unconstitutional. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016) (Rule 12(b)(1)); *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (Rule 12(b)(6)). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In 2013, Browne pleaded guilty in state court to a violent felony. He was sentenced as a second violent felony offender because of a prior conviction for a violent felony. He then brought this federal lawsuit, challenging New York's statutory scheme for enhanced sentences as unconstitutionally vague, and seeking various forms of relief. We agree with the district court that Browne's claims are barred by prosecutorial and Eleventh Amendment immunity, and that Browne lacks standing to bring suit on these claims. On appeal, Browne primarily challenges the district court's application of Eleventh Amendment immunity. At this juncture, he seeks only prospective declaratory and injunctive relief, but lacks standing to do so.

To have Article III standing, a party must show that (1) he "ha[s] suffered or [is] imminently threatened with a concrete and particularized 'injury in fact'" (2) that is "fairly traceable to the challenged action of the defendant" and (3) that is "likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct.

1377, 1386 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future."  *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).  Browne offers little more than speculation that he will suffer some future injury, i.e., that he will again commit a violent felony, again be prosecuted for that felony, and again be subjected to New York's statutory scheme for enhanced sentences.  This is insufficient to demonstrate an "injury in fact."

We have considered the remainder of (appellant's) arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3