18-2078-cv
*Green v. Harbach*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand nineteen.

PRESENT:    GUIDO CALABRESI,
            JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                        *Circuit Judges.*

------------------------------------------------------------

CHARLES C. GREEN,

> *Plaintiff-Appellant,*                      18-2078-cv

> v.

CHAD D. HARBACH,

> *Defendant-Appellee.*

------------------------------------------------------------

**FOR PLAINTIFF-APPELLANT:**        PIETER VAN TOL, Hogan Lovells US LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**        ELIZABETH A. MCNAMARA (Adam Lazier, *on the brief*), Davis Wright Tremaine LLP, New York, NY.

Appeal from the July 11, 2018 judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Charles C. Green ("Green") appeals from the July 11, 2018 judgment of the District Court dismissing his complaint against Defendant-Appellee Chad D. Harbach ("Harbach"). Green filed a lawsuit against Harbach alleging that Harbach's novel, *The Art of Fielding*, misappropriated critical elements of Green's copyrighted manuscript, *Bucky's 9th*, in violation of 17 U.S.C. §§ 106 and 501. He argues that the District Court erred in dismissing his complaint based on its conclusion that the two books are not substantially similar. Green further argues that the District Court erred in denying his motion to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in Green's favor. *See Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). "We generally review a district court's decision to permit or deny leave to amend a complaint for abuse of discretion, keeping in mind that leave to amend should be freely granted when justice so requires." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015) (internal quotation marks omitted). Where a district court denies a motion to amend a complaint based on an interpretation of law "such as futility," we review de novo. *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 227 (2d Cir. 2018).

Green contends that the District Court erred in dismissing his complaint based on its conclusion that *The Art of Fielding* is not substantially similar to *Bucky's 9th*. To establish a claim of copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)). We have held that "in certain circumstances, it is entirely appropriate for a district court to resolve that question as a matter of law" on a motion to dismiss. *Id.* at 63.

It is well established that copyright protects only "the expression of ideas, not the ideas themselves." *Id.* at 67. Similarly, copyright does not protect "*scenes a faire*, sequences of events that necessarily result from the choice of a setting or situation." *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (internal quotation marks omitted). When evaluating whether two literary works are substantially similar, we consider the "total concept and feel" of the works, "instructed by common sense." *Boisson v. Banian, Ltd*, 273 F.3d 262, 273 (2d Cir. 2001). We also evaluate the "theme, characters, plot, sequence, pace, and setting." *Williams*, 84 F.3d at 588.

2

Upon de novo review of the two works, we agree with the District Court's well-reasoned decision and conclude that *The Art of Fielding* is not substantially similar to *Bucky's 9th. See Green v. Harbach*, No. 17-cv-6984, 2018 WL 3350329, at *7 (S.D.N.Y. July 9, 2018). Many of the alleged similarities in the works are unprotectible abstract ideas or scènes à faire that do not enjoy copyright protection. Moreover, many of the alleged similarities are similar only at a high level of abstraction; a closer look reveals that they share little in common. In addition, a review of both books reveals that their "total concept and feel" differ quite substantially. Accordingly, the District Court did not err in concluding that these two works are not substantially similar as a matter of law.

Green also contends that the District Court erred in denying his motion to amend his complaint to add a statistical analysis that allegedly shows that a certain baseball scene has a small chance of occurring. "The well-established general rule in this circuit has been to limit the use of expert opinion in determining whether works at issue are substantially similar." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 713 (2d Cir. 1992). Outside a limited class of cases involving highly technical works such as computer software, such testimony is "irrelevant and not permitted." *Id.* (internal quotation marks omitted). As such, any expert testimony regarding the rarity of a certain baseball occurrence would be irrelevant to the substantial similarity analysis. Accordingly, we conclude that Green's amendment would be futile, and the District Court did not err in denying the motion to amend.

**CONCLUSION**

We have reviewed all of the arguments raised by Green on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 11, 2018 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3