21-1323-cv
Rye Ridge Corp., Haromar Inc. v. Cincinnati Insurance Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-two.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
WILLIAM J. NARDINI,
*Circuit Judges.*

---

RYE RIDGE CORP., a New York corporation, on behalf of themselves and all others similarly situated, DBA Rye Ridge Deli, HAROMAR, INC., a Connecticut corporation, on behalf of themselves and all others similarly situated, DBA Rye Ridge Deli,

*Plaintiffs-Appellants*,

v.                                                                                    21-1323-cv

CINCINNATI INSURANCE COMPANY, an Ohio corporation,

*Defendant-Appellee.*

---

For Plaintiffs-Appellants:                    GABRIEL A. PANEK (Robert J. Nelson, Jacob H. Polin, *on the brief*), Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA, and New York, NY.

For Defendant-Appellee:                    DANIEL G. LITCHFIELD (Alan I. Becker, Laurence J.W. Tooth, Edward Fogarty, Jr., *on the brief*), Litchfield Cavo, LLP, Chicago, IL, and New York, NY.

On appeal from the United States District Court for the Southern District of New York (Lorna G. Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on April 23, 2021, is **AFFIRMED**.

Plaintiffs-Appellants Rye Ridge Corp. and Haromar, Inc. (the "Delis") brought an action against Defendant-Appellee Cincinnati Insurance Company ("Cincinnati"), asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, deceptive business practices under N.Y. Gen. Bus. Law § 349 *et seq.*, unfair trade practices under Conn. Gen. Stat. § 42-110a *et seq.*, and declaratory relief.   The Delis' complaint is premised on Cincinnati's allegedly improper denial of insurance coverage for certain business losses resulting from COVID-19 and related government restrictions.   The district court dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).   The Delis now appeal.   We assume the reader's familiarity with the record.   We review *de novo* a district court's dismissal under Rule 12(b)(6).   *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015).

The sole issue on appeal is whether under New York law (which the parties agree governs here), the Delis experienced a "direct physical loss" within the meaning of their insurance policy with Cincinnati when the governors of New York and Connecticut issued executive orders limiting the Delis' use of their insured premises for dine-in service.   Insofar as the district court concluded that they had not, the Delis ask us to reverse the dismissal of their complaint or, alternatively, to certify this question to the New York Court of Appeals.   Both arguments are foreclosed by this Court's recent decision in *10012 Holdings, Inc. v. Sentinel Insurance Co.*, No. 21-80-CV, 2021 WL 6109961 (2d Cir. Dec. 27, 2021).

In *10012 Holdings*, the Court considered whether an art gallery was entitled to coverage under an insurance policy—materially identical to the one at issue here and also governed by New York law—for alleged business losses that resulted from the COVID-19 pandemic and related government restrictions.   *Id.* at *1.   Relying on the First Department's decision in *Roundabout Theatre Co. v. Continental Casualty Co.*, 751 N.Y.S.2d 4 (1st Dep't 2002), this Court held that, under New York law, the term "direct physical loss" in the insurance policy "do[es] not extend to mere loss of use of a premises, where there has been no physical damage to such premises"; instead, "direct physical loss" and "physical damage" "require actual physical loss of or damage to the insured's property."   *10012 Holdings, Inc.*, 2021 WL 6109961, at *4.   Accordingly, because the plaintiff alleged nothing more than the loss of use of its premises, the Court affirmed the district court's dismissal of the complaint for failing to allege any physical damage to plaintiff's

2

property.  *See id.* at \*1.  Having found resolution of this issue to be clearly discernible from existing New York law, the Court also rejected the plaintiff's request to certify the issue to the New York Court of Appeals.  *See id.* at \*6.

Here, as in *10012 Holdings*, the Delis do not allege any physical damage to their insured premises, and the relevant terms of their insurance policy with Cincinnati are not materially different from those at issue in *10012 Holdings*.  Indeed, the Delis concede that *10012 Holdings* "speaks directly to both issues in the appeal in this case" and thus is controlling.  We therefore hold that the district court correctly dismissed the complaint, and, as we did in *10012 Holdings*, 2021 WL 6109961, at \*5–6, we decline to certify the question to the New York Court of Appeals.[1]

We have considered Appellants' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the April 23, 2021, order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Plaintiffs' request to hold this appeal in abeyance pending further development of the issue in the New York courts, or pending appellants in *10012 Holdings* seeking rehearing or further appellate review, is thus denied.

3