16-2437-cv
*Justin Renel Joseph v. The Metropolitan Museum of Art, City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand seventeen.**

PRESENT:  JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                    *Circuit Judges,*
            WILLIAM K. SESSIONS, III,
                    *District Judge.***

---

JUSTIN RENEL JOSEPH,

      *Plaintiff-Appellant,*

      v.                                                     16-2437-cv

THE METROPOLITAN MUSEUM OF ART, CITY OF
NEW YORK,

      *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:      Justin Renel Joseph, *pro se*, Jersey City, NJ.

FOR THE METROPOLITAN MUSEUM      Christopher J. Robinson, Robert
OF ART:      Corn-Revere, Davis Wright Tremaine
      LLP, New York, NY and Washington, DC.

---

      * Judge William K. Sessions, III, of the United States District Court for the District of Vermont, sitting by designation.

**FOR THE CITY OF NEW YORK:**     Jane L. Gordon, Marta Ross, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Justin Renel Joseph, proceeding *pro se*, appeals from a judgment in favor of the Metropolitan Museum of Art ("the Met") and the City of New York ("the City") in his suit under Titles II and VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a *et seq.*, § 2000d *et seq.*, and the First Amendment. Joseph alleged that the Met's display of certain paintings depicting Jesus as white was discriminatory and the City was implicated in the discrimination because it provided funds to the Met. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

First, Joseph argues that the district court erred by not allowing him to proceed on a disparate-impact theory and by requiring him to plead physical denial of equal access in order to state a claim under Title II. We hold that district court correctly concluded that Joseph's Title II claims failed because he did not plausibly allege that he was denied the equal use and enjoyment of the Met. Title II guarantees all persons "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion or national origin." 42 U.S.C. § 2000a. "[T]he overriding purpose of Title II [was] to remove the daily affront and humiliation involved in discriminatory denials of access to facilities ostensibly open to the general public." *Daniel v. Paul*, 395 U.S. 298, 307–08 (1969) (quotation marks and citation omitted). Joseph concedes that he *was* given

access, but took issue with the content on display at the Met. Accordingly, Joseph fails to allege *any* denial of access or different treatment than other visitors, which is required to sustain a Title II claim.

Second, Joseph argues that he should have been allowed to pursue his Title VI claims under a disparate-impact theory, at least insofar as he sought declaratory relief. The district court properly rejected Joseph's Title VI claims because he did not plausibly allege that the Met's display of paintings was an act of intentional discrimination. Joseph's argument is foreclosed by Supreme Court precedent holding that Title VI prohibits only intentional discrimination. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005) (observing that *Alexander v. Sandoval*, 532 U.S. 275 (2001), "held that private parties may not invoke Title VI regulations to obtain redress for disparate-impact discrimination because Title VI itself prohibits only intentional discrimination"). And the plaintiff in *Sandoval* was herself seeking declaratory relief. *See Sandoval v. Hagan*, 7 F. Supp. 2d 1234, 1244 (M.D. Ala. 1998), *aff'd*, 197 F.3d 484 (11th Cir. 1999), *rev'd sub nom.*, *Sandoval*, 532 U.S. 275.

Third, Joseph argues that he adequately pleaded that the City engaged in impermissible government speech by providing funding to the Met, which in turn violated Titles II and VI by displaying the allegedly discriminatory paintings. Since this claim is derivative of his discrimination claims, which the district court properly dismissed, this claim necessarily fails as well.

Finally, Joseph argues that he should have been granted leave to amend. In this Circuit, *pro se* complaints should not be dismissed by the district court without granting leave to amend at least once when a liberal reading of the complaint gives "any indication" that a valid claim might be stated. *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). However, a district court need not grant leave to amend when amendment would be "futile." *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). We conclude that the district court did not err by denying leave to amend. Nothing in Joseph's complaint, his motion papers, or his appellate brief suggests that he could state a plausible claim. Accordingly, granting leave to amend would have been futile.

We have considered Joseph's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3