16-3097-cv
Shapiro v. Goldman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand seventeen.

PRESENT: PIERRE N. LEVAL,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------

MARK SHAPIRO,
*Plaintiff-Appellant*,

v.                                                                  No. 16-3097-cv

DANIEL SACHS GOLDMAN, NICHOLAS L. MCQUAID, PREET BHARARA, UNITED STATES OF AMERICA, THE NATIONAL INSURANCE CRIME BUREAU, ANTHONY TARDALO, JANICE K. FEDARCYK, DONALD G. ANSPACHER, SUSAN Q. HOOD, ROBERT BRODY, DOUGLAS S. MENGES, NANCY PIERCE, MICHAEL SEIFER, JOHN AND JANE DOE DOJ POLICY MAKERS #1–5 (name(s) who are not fully known at present, and possibly other unidentified members of the Department of Justice), FEDERAL BUREAU OF INVESTIGATION SPECIAL AGENTS AND ASSISTANT DIRECTORS, #1–10 (name(s) and identification numbers that are not fully known at present, and possibly other unidentified members of the Department of Justice),

*Defendants-Appellees*,

OFFICE OF THE UNITED STATES ATTORNEY, SOUTHERN DISTRICT OF NEW YORK, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RIVKIN RADLER LLP, BARRY I. LEVY, MICHAEL A. SIRIGNANO, DALLAS REGAN, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY, TRAVELERS HOME AND MARINE INSURANCE COMPANY, FARMERS INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, METLIFE INSURANCE COMPANY, METROPOLITAN REINSURANCE COMPANY, METROPOLITAN CASUALTY INSURANCE COMPANY, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, METROPOLITAN GENERAL INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, REPWEST INSURANCE COMPANY, 21ST CENTURY INSURANCE AND FINANCIAL SERVICE, 21ST CENTURY INSURANCE COMPANY, AIG ADVANTAGE INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, FARMERS NEW CENTURY INSURANCE COMPANY,

*Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    RAYMOND J. ZUPPA, JR. (Jonathan M. Davidoff, Davidoff Law Firm, PLLC, New York, New York, *on the brief*), The Zuppa Firm PLLC, Garden City, New York.

2

APPEARING FOR GOVERNMENT APPELLEES:

ANDREW E. KRAUSE, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, New York.

APPEARING FOR PRIVATE APPELLEES:

MICHAEL R. NELSON (Kymberly Kochis, *on the brief*), Sutherland Asbill & Brennan LLP, New York, New York, *for* Nancy Pierce.

BARRY JACOBS, Abrams, Gorelick, Friedman & Jacobson, LLP, New York, New York, *for* The National Insurance Crime Bureau, Anthony Tardalo, Susan Q. Hood, Robert Brody, and Douglas S. Menges.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 17, 2016, is AFFIRMED.

Plaintiff Mark Shapiro appeals from the dismissal of his complaint alleging various constitutional and tort claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, against federal prosecutors and Federal Bureau of Investigation ("FBI") agents ("Government Defendants"), as well as the National Insurance Crime Bureau ("NICB") and several of its employees and board members (together with the NICB, "Private Defendants") for their role in securing his indictment incident to a wide-ranging insurance-fraud investigation.

3

At oral argument on August 17, 2017, Shapiro withdrew all but three of his *Bivens* claims. *Shapiro v. Goldman*, No. 16-3097, U.S. Court of Appeals for the Second Circuit (Aug. 17, 2017), http://www.ca2.uscourts.gov/oral_arguments.html. Those remaining are for: (1) malicious prosecution, (2) inducement of false testimony, and (3) defamatory statements made by the government, known as a "stigma plus" claim. Also remaining on appeal are Shapiro's FTCA claims. We review *de novo* the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in Shapiro's favor. *See Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings and issues on appeal.

Fed. R. Civ. P. 8(a)(1)–(2) requires a complaint to contain a "short and plain statement" setting forth grounds for the court's jurisdiction and showing that the plaintiff is entitled to relief. Despite three opportunities to plead, Shapiro repeatedly violated this standard, filing a prolix 115-page Second Amended Complaint. That, by itself, warrants affirmance of the district court's dismissal. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, . . . to dismiss the complaint.").

In any event, upon independent review of the record, and for the reasons stated in the thorough opinion of the district court, *see Shapiro v. Goldman*, No. 14 Civ. 10119 (NRB), 2016 WL 4371741 (S.D.N.Y. Aug. 15, 2016), we conclude that dismissal was warranted for failure to plead facts that plausibly support his claims. *See Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (affirming district court's dismissal of complaint for failure to plausibly plead claims). Insofar as the Private Defendants request that we issue an order to show cause as to why Shapiro or his counsel should not be sanctioned for bringing a frivolous appeal, that application is denied.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5