*Kpaka v. The City University of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand seventeen.

PRESENT:

        BARRINGTON D. PARKER,
        SUSAN L. CARNEY,
                *Circuit Judges*,
        TIMOTHY C. STANCEU,
                *Chief Judge, U.S. Court of Int'l Trade.**

——————————————————————————

LINDA ANNETTE KPAKA,

                *Plaintiff-Appellant*,

          v.                                No. 16-3527

THE CITY UNIVERSITY OF NEW YORK,
BOROUGH OF MANHATTAN COMMUNITY COLLEGE,
HOWARD MELTZER, THADDEOUS RADELL,
SIMON CARR,

                *Defendants-Appellees*.

——————————————————————————

FOR APPELLANT:                Linda Annette Kpaka, *pro se*, Staten Island, NY.

---

* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

FOR APPELLEE: Jane L. Gordon, Qian Julie Wang, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on August 3, 2016, is **AFFIRMED**.

Appellant Linda Annette Kpaka, proceeding *pro se*, appeals from a judgment in favor of her former employer, Borough of Manhattan Community College, a college within the City University of New York system, and several of its employees in her suit pursuing claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 1; and alleging breach of her employment contract. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

2

To survive a motion to dismiss an employment discrimination claim, a plaintiff must allege "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). An inference of discrimination arises from "circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 312 (2d Cir. 2015) (internal quotation marks omitted).

Here, with one exception, Kpaka's discrimination claims all fail for the same reason: her complaint was devoid of any factual allegations giving rise to an inference of discrimination, much less sufficient allegations to "nudge[] [her] claims across the line from conceivable to plausible." *See Vega*, 801 F.3d at 87 (quoting *Twombly*, 550 U.S. at 570). The one exception is the allegation that Kpaka, who is black, was passed over for a committee position in favor of a white employee. The district court concluded, however, that because the allegedly unlawful action occurred more than 300 days before Kpaka filed her complaint with the Equal Employment Opportunity Commission, any claim based on it was time barred. *See id.* at 79. Kpaka does not meaningfully challenge this ruling on appeal. *See, e.g.*, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Even if we were to consider it, however, it would fail because Kpaka made no factual allegations demonstrating that she was similarly situated to the employee in question. *See, e.g.*, *Mandell v.*

3

*Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (explaining that plaintiff attempting to "show[] that the employer treated [her] less favorably than a similarly situated employee outside [her] protected group . . . must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself" (internal quotation marks omitted)). Accordingly, we conclude that the district court properly dismissed all of Kpaka's Title VII discrimination claims.

Kpaka's remaining claims are also insufficiently pleaded. She failed to allege that she was paid less than similarly situated male employees, as required to sustain her equal pay claim. *See Lavin-McEleney v. Marist College*, 239 F.3d 476, 480 (2d Cir. 2001). Although she alleged that she was fired in violation of her employment contract, she failed to allege that the conditions set forth in the employment offer—"sufficiency of enrollment, financial availability and curriculum need," Appellees' App. 162—were met, as necessary to support this claim. *See Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 215 (2d Cir. 2002) (no performance due under contract if condition precedent is not met). Finally, Kpaka failed to allege any facts demonstrating an unreasonable restraint on trade, as required to pursue her antitrust claim. *See, e.g.*, *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012).

\*      \*      \*

We have considered Kpaka's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4