Jones v. Tompkins

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand eighteen.

PRESENT:
>       DENNIS JACOBS,
>       RICHARD C. WESLEY,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges.*

_____

WILLIAM EDWARD JONES,

>       *Plaintiff-Appellant*,

>       v.                                                                16-3368

TOMPKINS, C.O.M., D. UHLER, Deputy Supt.
for Security, ANGELA GORG, MORROW,
C.O.C., JEREMY CLEMENT, MARK
DELAURO, WELSEY CANFIELD, Doctor,

>       *Defendants-Appellees*,

ALBERT PRACK, WILLIAM J. HOPKINS,
Deputy Superintendent, PATRICK GRIFFIN,
Superintendent, JOHN VONHAGN,

>       *Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**          William Edward Jones, pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:**     Barbara D. Underwood, Solicitor General, Victor Paladino and Fredrick Brodie, Assistant Solicitors General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*; Scott, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant William Edward Jones, a prison inmate appearing pro se, brought suit under 42 U.S.C. § 1983 against prison officials at Clinton Correctional Facility ("Clinton" and "the Clinton defendants") as well as medical staff at Southport Correctional Facility ("Southport" and "the Southport defendants"). Jones alleged that the Clinton defendants denied him due process during a disciplinary proceeding at Clinton that led to him being sentenced to 90 days in a Special Housing Unit ("SHU") at Southport, and that, while at Southport, he received inadequate medical care for various conditions. The district court dismissed Jones's due process claim for failure to state a claim and granted summary judgment against him on his claim of inadequate medical care. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

**1.** We review de novo the dismissal of Jones's due process claim. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Jones alleged that the Clinton defendants filed a false misbehavior report against him, denied him records and assistance in preparing for his disciplinary hearing, and refused to call two witnesses he had requested. However, a "prisoner's liberty interest is implicated by prison discipline . . . only if the discipline imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (per curiam) (internal quotation marks and brackets omitted). Under that standard, "restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Id.* Jones failed to allege that the conditions of the 90-day SHU sentence were "more onerous than usual." *Id.* He therefore failed to allege the existence of a liberty interest warranting due process protection. Accordingly, the district court properly dismissed his due process claim.

Jones first argues that the deprivations of medical care that he allegedly suffered while at Southport should have been considered in analyzing whether the hardship was atypical and significant. However, as discussed further below, Jones was not deprived of constitutionally adequate medical care. Jones next argues that the additional one-year SHU sentence he subsequently received for an unrelated infraction should have been aggregated with his original 90-day SHU sentence. However, although Jones's 90-day SHU sentence would be considered together with any previously imposed confinement if "confinement for [the combined number of] days constituted atypicality," Jones's 90-day sentence was imposed prior to his other SHU sentence. *Sealey v. Giltner*, 197 F.3d 578, 587 n.7 (2d Cir. 1999).

2

**2.** We review de novo the district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). To prevail, Jones would need to show that the defendants were deliberately indifferent to his serious medical needs. *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). This deliberate indifference standard has both an objective and a subjective prong. To satisfy the objective prong, Jones would need to show that (1) he was "actually deprived of adequate medical care" and (2) the alleged deprivation was "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). To satisfy the subjective prong, Jones would need to show that "the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious [] harm w[ould] result." *Id.* at 280. Jones cannot satisfy the objective prong.

Jones alleged that Nurse Jeremy Clement falsely claimed that Jones attempted to hoard Ultram, a narcotic then-prescribed to Jones for back pain, and that he did so as a pretext for discontinuing Jones's prescription. According to Clement, Jones's prescription was discontinued after he was caught pretending to drop the medication on the floor so that he could surreptitiously pour it into a napkin and hoard it. In any event, it is clear from the record that Jones was not "actually deprived of adequate medical care." *Id.* at 279. Jones was offered other treatment for his back pain, including over-the-counter medication; his stated preference for a prescription narcotic is not evidence of Clement's deliberate indifference to his condition. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). We therefore affirm the district court's grant of summary judgment in favor of Clement.

We likewise affirm the grant of summary judgment in favor of the remaining Southport defendants for substantially the reasons stated by the district court in its thorough August 10, 2016 decision. *See Jones v. Tompkins*, No. 12-CV-57, 2016 WL 4211610, at *6–9 (W.D.N.Y. Aug. 10, 2016).

Finally, we conclude that the district court acted within its discretion when it denied Jones's motions to compel discovery, *see Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004), and for appointment of counsel, *see Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

We have considered all of Jones's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court