18-833-cv
*Rivas v. New York State Lottery*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
          CHRISTOPHER F. DRONEY,
          RICHARD J. SULLIVAN,
                    *Circuit Judges.*

_____

ZELMA RIVAS,

                    *Plaintiff-Appellant,*                    18-833-cv

          v.

NEW YORK STATE LOTTERY,

                    *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**          Zelma Rivas, pro se, New York, NY.

**FOR DEFENDANT-APPELLEE:**          Andrea Oser, Deputy Solicitor General,
                                      and Joseph Spadola, Assistant Solicitor

1

General, *for* Barbara D. Underwood, Attorney General of the State of New York, Albany, NY.

Appeal from a March 15, 2018 judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Appellant Zelma Rivas ("Rivas"), pro se, sued her former employer, New York State Lottery ("NYS Lottery"), under Title VII, 42 U.S.C. § 2000e-5 *et seq.*, alleging discrimination on the basis of race, color, and national origin; hostile work environment; and retaliation. On appeal, Rivas challenges the District Court's dismissal of many of her claims as untimely and of her sole timely retaliation claim and her hostile work environment claims pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* dismissals for failure to state a claim. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). In reviewing a dismissal for failure to state a claim, we accept all factual allegations as true and draw all inferences in the plaintiff's favor. *Id.*

I.

Rivas first argues that NYS Lottery discriminated against her during her employment there, from 1995 to 2010. We hold that the District Court properly concluded that all of Rivas's discrimination claims against NYS Lottery are time-barred. Title VII requires individuals aggrieved by acts of discrimination to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Claims falling outside this statute of limitations are time-barred unless they are subject to waiver, estoppel, or equitable tolling, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), or fall within the continuing violation exception to the 300-day rule, *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004). Rivas filed her EEOC charge against NYS Lottery on May 5, 2016. To be timely, the alleged acts of discrimination must have occurred on or after July 10, 2015. Rivas's discrimination claims against NYS lottery—specifically, that NYS Lottery failed to promote her, that she experienced unequal terms and conditions of employment, and her hostile work environment claim—occurred before her November 2010 termination from NYS Lottery and are thus time-barred.

Rivas nevertheless contends that the continuing violation doctrine provides a basis for finding all alleged acts of discrimination, retaliation, and hostile work environment timely. Rivas's complaint alleges only one incident of retaliation after July 10, 2015. In October 2015, Roger Kinsey, an Assistant Attorney General who had once represented NYS Lottery against Rivas's first Title VII lawsuit in 2000 (the "2000 Suit"), allegedly had Rivas "stalked and pursued" at her new workplace: the NYS Office of Temporary and Disability Assistance (the "OTDA claim"). Rivas argues that the timely OTDA claim renders her otherwise time-barred retaliation claims timely.[1]

Under the continuing violation doctrine, "if a Title VII plaintiff files an [EEOC] charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (internal quotation marks omitted). "To trigger such a delay, the plaintiff must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." *Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (internal quotation marks omitted). Importantly, the continuing violation doctrine does not apply to discrete unlawful acts, even if the discrete acts were undertaken "pursuant to a general policy that results in other discrete acts occurring within the limitations period." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 157 (2d Cir. 2012). "[A]n employer's failure to promote is by its very nature a discrete act." *Id.* The District Court correctly concluded that Rivas's complaint alleges only a series of discrete acts of retaliation and discrimination. The alleged acts, which include failure to promote, occurred over the course of five years at various workplaces and were separated by many months. Accordingly, the continuing violation doctrine does not revive Rivas's time-barred retaliation and discrimination claims.

## II.

The District Court did not err in dismissing Rivas's only timely retaliation claim for failure to state a claim. For a Title VII retaliation claim to survive a motion to dismiss, the plaintiff must plausibly allege that the employer took an adverse employment action against her because she opposed any unlawful employment practice. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). A plaintiff may state a claim for retaliation even if she is no longer employed by the defendant company "if, for example, the company 'blacklists' the former employee." *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Here, Rivas alleges that Kinsey continually harassed her after she left NYS Lottery by, *inter alia*, facilitating hostile work environments at her subsequent jobs and by "blacklisting" her. But Rivas does not allege that NYS Lottery—her former employer and the only

[1] In addition to the 1995 to 2010 NYS Lottery discrimination claims, Rivas also alleges that between 2010 and 2015, Kinsey engaged employees at five separate workplaces to stalk, harass, intimidate, ridicule, and bully her. *See* Appellee App. 44-49 (Rivas Compl.); Appellant Br. 21-22.

defendant in this case—took any adverse employment actions against her at her subsequent jobs. Her complaint focuses only on Kinsey and his alleged retaliatory acts. Rivas does not allege that Kinsey was employed by the NYS Lottery, that his actions could somehow be imputed to the NYS Lottery, or that NYS Lottery could control his actions. The only alleged relationship between NYS Lottery and Kinsey is that Kinsey represented NYS Lottery in the 2000 Suit. Because Rivas does not allege that her employer, NYS Lottery, took any adverse action against her after her termination, the District Court did not err when it dismissed Rivas's timely OTDA claim for failure to state a claim.

III.

Finally, the District Court did not err in dismissing Rivas's hostile work environment claims for failure to state a claim. Rivas's complaint alleges that Kinsey induced employees to create a hostile work environment at each of her five post-NYS Lottery places of employment. Assuming, *arguendo*, that the continuing violation doctrine applies to extend the limitations period for Rivas's hostile work environment claims, *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115–18 (2002), Rivas's complaint still fails to state a claim. On a Title VII hostile work environment claim, "[i]t is the plaintiff's burden to establish that the discriminatory conduct may be imputed to the employer." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 153 (2d Cir. 2014). To do so, the plaintiff may demonstrate either that a "supervisor used his or her authority to further the creation of a discriminatorily abusive working environment," or "that the employer knew or reasonably should have known about harassment by non-supervisory co-workers, yet failed to take appropriate remedial action." *Id.* (internal quotation marks and citations omitted). Rivas does not allege that Kinsey was a supervisor at NYS Lottery, an employee of NYS Lottery, or that he had any connection to NYS Lottery other than representing it, as an employee of the New York State Attorney General's office, in past litigation. Nor does she allege that Kinsey had any authority to alter or otherwise control Rivas's employment status at any of her post-NYS Lottery jobs. *See id.* Consequently, Rivas fails to state a plausible hostile work environment claim.

**CONCLUSION**

We have reviewed all of the arguments raised by Rivas on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4