**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2700
_____

JOHN C. BERKERY, SR.,
                                        Appellant

v.

MELVIN ROSS GUDKNECHT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-05574)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2019

Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: March 26, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant John Berkery appeals the District Court's order dismissing his complaint. For the reasons detailed below, we will affirm the District Court's judgment.

Berkery filed a complaint against Melvin Gudknecht, alleging that Gudknecht defamed him in his autobiography. Gudknecht published a book entitled Working on the Edge, which recounted his career working for the United States Organized Crime Strike Force. The book contained a passage in which Gudknecht said that Berkery was a member of the K&A Gang and had close ties with various other criminal organizations. In his federal complaint, Berkery claimed that all of these assertions were false.

The District Court dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2). The Court noted that in two previous (unsuccessful) defamation actions challenging similar publications, the Appellate Division of the New Jersey Superior Court had concluded that Berkery was a limited-purpose public figure with respect to his criminal past. Relying on the doctrine of issue preclusion, the District Court concluded that Berkery was therefore a limited-purpose public figure for purposes of this action. Thus, the Court ruled, Berkery was required to plead that Gudknecht had acted with actual malice. In his complaint, Berkery claimed that he did not need to plead actual malice; after rejecting that legal argument, the Court dismissed the complaint without prejudice to Berkery's re-filing with additional factual allegations. The Court set a deadline of August 23, 2018, for Berkery to re-file. Instead of filing an amended complaint, Berkery filed a notice of appeal.

Berkery has elected to stand on his complaint as drafted, and we thus have jurisdiction under 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d

2

Cir. 1976) (per curiam). Section 1915(e)(2) provides that a district court "shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). We review an order dismissing a complaint pursuant to § 1915 for failure to state a claim under the same de novo standard of review that we use to review an order dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See generally Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We agree with the District Court's disposition of this case. As the District Court explained, the Appellate Division previously ruled that Berkery is a limited-purpose public figure with respect to his criminal background. See Berkery v. Kinney, 936 A.2d 1010, 1014-15 (N.J. Super. Ct. App. Div. 2007). "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment"; when doing so, federal courts "apply the same preclusion rules as would the courts of that state." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993). Thus, New Jersey's principles of issue preclusion control. See Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002). Under New Jersey law, issue preclusion bars relitigation if (1) the issue is identical; (2) the issue was actually litigated in a prior proceeding; (3) the prior court issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5)

3

the party against whom issue preclusion is asserted was a party or in privity with a party to the earlier proceeding. Id.

Each of those requirements is satisfied here. The Appellate Division confronted the same issue we face here—whether Berkery, by virtue of his criminal background, qualifies as a limited-purpose public figure—and, after analyzing the issue in depth, concluded that he did. See Berkery, 936 A.2d at 1013-15. That determination, which is now final, was fundamental to the Appellate Division's decision: the Court ruled that, as a limited-purpose public figure, Berkery was required to show that the defendants had acted with actual malice, and that the defendants were entitled to summary judgment because he had failed to do so. See id. at 1014-15. Indeed, in a subsequent case, the Appellate Division recognized the preclusive effect of its ruling that Berkery is a limited-purpose public figure, explaining that the Court had "conclusively settled this issue." Berkery v. Estate of Stuart, 988 A.2d 1201, 1206 (N.J. Super. Ct. App. Div. 2010).

Accordingly, we agree with the District Court that principles of issue preclusion dictate that Berkery be treated as a limited-purpose public figure in this case. This ruling is, in effect, fatal to his action. When a limited-purpose public figure sues for defamation, he must show that the statements were made with "actual malice." Marcone v. Penthouse Int'l Magazine For Men, 754 F.2d 1072, 1087 (3d Cir. 1985) (citing N.Y. Times v. Sullivan, 376 U.S. 254, 279-80 (1964)); see also Biro v. Conde Nast, 807 F.3d 541, 545-46 (2d Cir. 2015). Actual malice is present when a statement is made "with knowledge that it was false or with reckless disregard of whether it was false or not." Sullivan, 376 U.S. at 280.

4

As the District Court noted, Berkery did not attempt to plead actual malice, stating affirmatively that "actual malice need not be shown." Compl. ¶ 17. Thus, the District Court did not err in dismissing the complaint. Moreover, while the District Court provided Berkery with an opportunity to amend his complaint to address this deficiency, he declined to do so.

Accordingly, we will affirm the District Court's judgment.