NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 20-1308 & 20-1401

_____

DF PACE, Esquire,

Appellant in No. 20-1308

v.

EMILY BAKER-WHITE, Esquire;
FEDERAL COMMUNITY DEFENDER OFFICE FOR
THE EASTERN DISTRICT OF PENNSYLVANIA;
PLAINVIEW PROJECT; INJUSTICE WATCH

Emily Baker-White; Plainview Project;
Injustice Watch,

Appellants in No. 20-1401

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-04827)
District Judge: Honorable Wendy Beetlestone

_____

Submitted under Third Circuit LAR 34.1(a)
On September 25, 2020

Before: AMBRO, PORTER and ROTH, <u>Circuit Judges</u>

(Opinion filed March 15, 2021)

———————

OPINION[*]

———————

ROTH, <u>Circuit Judge</u>

D F Pace appeals the District Court's dismissal of his state-law tort action, alleging that Emily Baker-White, the Plain View Project, and Injustice Watch (the PVP defendants) published statements on the Plain View Project website that implicitly defamed him. The District Court held that the PVP defendants' statements were non-defamatory opinions and that Pace failed to plead actual malice. We will affirm.

**I**[1]

The Plain View Project is a website operated by the PVP defendants. On the site's homepage, they state, in relevant part, that the website

> is a database of public Facebook posts and comments made by current and former police officers from several jurisdictions across the United States. We present these posts and comments because we believe that they could undermine public trust and confidence in our police. In our view, people who are subject to decisions made by law enforcement may fairly question whether these online statements about race, religion, ethnicity and the acceptability of violent policing—among other topics—inform officers' on-the-job behaviors and choices.[2]

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] We discuss the facts and proceedings only to the extent necessary for resolution of this case.
[2] THE PLAIN VIEW PROJECT, https://www.plainviewproject.org/ (last visited October 26, 2020).

After viewing this prefatory text and a subsequent "disclaimer,"[3] website users can view "screenshots" of thousands of posts and comments searchable by city, keyword, or an officer's information. In the "Methodology" section of the site, the PVP defendants state that they "verified" that each post or comment on the site meets their criteria for inclusion and was in fact made by a police officer on a publicly available Facebook page.[4]

Pace has served in the Philadelphia Police Department (PPD) for approximately eighteen years. He is currently an Inspector and member of the PPD's Board of Inquiry, "responsible for taking appropriate action against other members of the PPD when a departmental violation has occurred."[5] On the website, the PVP defendants published the following post by PPD Officer Anthony Pfettscher about the North Korean arrest of Otto Warmbier, an American tourist. The arrest made international headlines in March 2016. Pfettscher's post was accompanied by comments by others, including Pace:

---

[3] The disclaimer apparently must be viewed the first time a user visits the site. It is unclear whether a user's browser settings can enable them to avoid the disclaimer during subsequent visits to the site. Because our ruling does not depend on the contents or existence of the disclaimer, we need not address this issue.

[4] *Methodology*, THE PLAIN VIEW PROJECT, https://www.plainviewproject.org/about (last visited October 26, 2020).

[5] App'x 042.



On September 17, 2019, Pace brought this action against the PVP defendants for

defamation by implication and false light.[7]  Pace does not allege that the comment is

---

[6] App'x 043.  When Warmbier was released by the North Koreans in 2017, he was in a vegetative state.  He died 6 days later in a hospital after his parents requested that his feeding tube be removed.

[7] Pennsylvania's substantive law governs Pace's claims.  *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 356 (3d Cir. 2020).

itself defamatory or falsely attributed to him.  Rather, he alleges that the prefatory text on the PVP website's homepage "impl[ies] that the officers [whose comments are included on the site] endorse and display violence, bigotry and racism towards the citizens they have sworn to serve" and are "unfit for the proper conduct of [their] profession."[8]  In other words, the issue is not that the PVP defendants republished his comment, but that they published it on the PVP website.  Pace further alleges that he "detests . . . attitudes" that "denigrate[] persons on the basis of race, color, religion, ethnicity, sex or sexual orientation."[9]  The District Court granted the PVP defendants' Motion to Dismiss, holding that (1) any implied statements about Pace's beliefs are non-actionable opinions, (2) any defamatory meaning was negated by the disclaimer, and (3) Pace failed to allege actual malice.

**II**

We exercise plenary review over the District Court's opinion.[10]  We will affirm it but only on the ground that Pace has failed to allege that the PVP defendants acted with actual malice, as Pace concedes that he must.[11]  In doing so, we will assume, without deciding, that by including Pace's comment, "Insightful point," on the PVP website, the PVP defendants implied that Pace's views "about race, religion, ethnicity," "the acceptability of violent policing," or "other topics" could "undermine public trust and

---

[8] App'x 044–45.
[9] *Id.* at 036.
[10] *Remick v. Manfredy*, 238 F.3d 248, 261 (3d Cir. 2001).
[11] Because Pace failed to allege actual malice, we need not address the other grounds for the District Court's decision or the PVP defendants' cross appeal.

confidence in our police"[12] and make him "unfit for . . . his profession."[13]  We will also

assume, without deciding, that that implication is false and defamatory and is not an

"opinion" under Pennsylvania law.  Finally, we will assume, without deciding, that that

implication was not negated by the website's "disclaimer."  Even making these

assumptions in his favor, however, Pace has failed to allege actual malice.  Accordingly,

his claims fail.

"'Actual malice' . . . does not connote ill will or improper motivation.  Rather, it

requires that the [defendant] either know that its [statement] was false or publish it with

'reckless disregard' for its truth."[14]  A defendant acts with reckless disregard if it "in fact

entertained serious doubts as to the truth of his publication."[15]  At the pleading stage, a

public figure, like Pace, must allege *facts* to support an inference of actual malice.[16]  Yet,

Pace merely labels the PVP defendants' conduct as "malicious" and alleges that they

"had knowledge of, or acted in reckless disregard as to the falsity of the matter [they]

communicated."[17]  These conclusory allegations are insufficient.

---

[12] THE PLAIN VIEW PROJECT, https://www.plainviewproject.org/ (last visited October 26, 2020).

[13] App'x 045.

[14] *McCafferty*, 955 F.3d at 359 (quoting *Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa.*, 923 A.2d 389, 399 n.12 (Pa. 2007)).

[15] *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

[16] *McCafferty*, 955 F.3d at 359; *accord Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016); *Biro v. Conde Nast*, 807 F.3d 541, 544–45 (2d Cir. 2015); *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012).

[17] App'x 036, 050, 051, 052, 053.

Pace argues that his allegations are not conclusory because two "objective" circumstances show that it is "inherently improbable" that he holds beliefs "consistent with the prejudice and biases the [PVP defendants] ascribe to" him.[18]  Although a plaintiff may rely on objective circumstances—including the "inherent improbability" of a defendant's statement[19]—to show that the defendant "seriously doubted" the truth of its statement,[20] Pace's allegations are insufficient to show that the PVP defendants "seriously doubted" that Pace held the beliefs allegedly ascribed to him by the website's prefatory text.

First, Pace argues that no "reasonable journalist" could conclude that he held such beliefs based solely on his comment; rather, the PVP defendants reached a "forced construction" of a comment by a member of the Board of Inquiry to "create the impression that . . . a fox is guarding the hen house" at the PPD.[21]  According to Pace, his comment is subject to *only* "innocuous" and "non-violent" interpretations.[22]  We disagree.  In the post, Pfettscher "cracked up" about a dictatorial regime sentencing a twenty-one-year-old American to fifteen years of hard labor for attempting to steal a propaganda poster.  He then stated that the sentence should be an "eye opener" for "spoiled and coddled youth" in "this weak PC country" who "act like animals" and engage in conduct such as "burn[ing] and step[ping] on" the American flag.  Other

---

[18] Appellant's Reply at 5.
[19] *See Celle v. Filipino Rep. Enter. Inc.*, 209 F.3d 163, 183 (2d Cir. 2000) (internal citation and quotation marks omitted).
[20] *See McCafferty*, 955 F.3d at 359.
[21] Appellant's Br. at 24-26.
[22] *Id.* at 13.

commenters stated that Warmbier was "lucky" that North Korea "didn't cut off his hands" and that America "would be in good shape" if it "doled out" harsh penalties.  Pace then commented that Pfettscher's "point" was "insightful."  Although we express no opinion about how Pace's comment *should* be interpreted (let alone what he actually intended it to mean), a journalist *could* interpret his comment as expressing support for harsh criminal penalties in response to protected speech, which might "undermine public trust and confidence in" police.  Thus, without more information about Pace, it is not "inherently improbable" that the PVP defendants found that his comment fit the description in the prefatory text.[23]

Moreover, it is irrelevant whether a "reasonable" journalist would publish this interpretation of the comment without further investigating Pace's intent.  "[T]he beliefs or actions of a reasonable person are irrelevant."[24]  "[E]ven an extreme departure from professional standards, without more, will not support a finding of actual malice."[25]  Nor will an improper motive.[26]  Unless the PVP defendants *in fact* seriously doubted that their

---

[23] *See Schiavone Constr. Co. v. Time, Inc.*, 847 F.2d 1069, 1090 (3d Cir. 1988) ("Obviously, actual malice cannot be imputed merely because the information turns out to be false. An erroneous interpretation of the facts does not meet the standard.").

[24] *Michel*, 816 F.3d at 702–03.

[25] *McCafferty*, 955 F.3d at 359; *accord Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 24 (1st Cir. 2018) ("Actual malice is a 'wholly subjective' standard. . . . [S]howing a departure from industry standards, alone, is insufficient to allege actual malice, even if that departure is 'extreme.'" (citations omitted)).

[26] *See McCafferty*, 955 F.3d at 360 ("And Newsweek's desire 'to increase its profits' and sluggish sales does not make out actual malice either." (citation omitted)); *Mayfield*, 674 F.3d at 378.

permissible interpretation of the comment were true,[27] they could include the prefatory text and Pace's comment on the website without further investigation. In these circumstances, the wording of Pace's comment, without more, does not create an inference that the PVP defendants had such doubts.

Second, Pace argues that the PVP defendants must have had serious doubts about their interpretation of his comment because Pace is "a high ranking member of the PPD 'with a previously outstanding personal and professional reputation in the community he serves.'"[28] But he does not allege that the PVP Defendants had any reason to know about that reputation. And Pace's position as a "high-ranking" member of the PPD does not support an inference of actual malice. To the contrary, his position in the PPD is why he must allege actual malice in the first place.

Because Pace has not alleged facts supporting the inference that the PVP defendants "seriously doubted" the appropriateness of publishing his comment along with the prefatory text on the PVP website, he has failed to allege actual malice. Accordingly, his claims fail.

## III

For the reasons set forth above, we will affirm the judgment of the District Court, dismissing Pace's claims with prejudice.

---

[27] *McCafferty*, 955 F.3d at 359–60; *Pippen*, 734 F.3d at 614; *Tucker v. Phila. Daily News*, 848 A.2d 113, 135–36 (Pa. 2004).

[28] Appellant's Reply at 5 (quoting App'x 036).