Terence CULLEN and Monica James Cullen, Plaintiffs–Counter–Defendants–Appellants–Cross–Appellees,

v.

Peter MONDELLO, individually and in his capacity as Building Inspector for the Town of Islip, Defendant–Counter–Claimant–Appellee,

Francis Zanca, in his capacity as Town Investigator of the Town of Islip, Office of the Town Attorney Division of Code Enforcement, Javier Ortiz, in his capacity as Town Investigator of the Town of Islip, Office of the Town Attorney Division of Enforcement, John Scimeca, in his capacity as Department Head of the Division of Code Enforcement of the Town of Islip and Town of Islip, Defendants–Counter–Claimants–Appellees–Cross–Appellants,

Edward Fahey, Suffolk County Police Officer, County of Suffolk, and Gerald Bieselin, Suffolk County Police Officer, Defendants–Appellees.

John Doe No. 3 through John Doe No. 10, inclusive, the names of the last 8 defendants being fictitious, the true names of said defendants being unknown to plaintiffs, the parties intended being those who joined in the plans, policies, schemes, and conspiracies described, Defendants,

Nos. 04–1262(L), 04–2122(XAP).

United States Court of Appeals,
Second Circuit.

Nov. 8, 2004.

Stephen R. Angel, Esseks, Hefter & Angel, Riverhead, NY, for Appellants.

Robert L. Folks, (Cynthia A. Kouril, on the brief) Robert L. Folks & Associates, LLP, Melville, NY, for Defendant–Counter–Claimant–Appellee Peter Mondello.

Robert M. Calica (Edward M. Ross, on the brief), Rosenberg, Calica & Birney, LLP (Richard Hoffmann, Islip Deputy Town Attorney, Office of the Islip Town Attorney, Islip, NY, on the brief), Garden City, NY, for Defendants–Cou nter-Claimants-Appellees-Cross-Appellants, Francis Zanca, Javier Ortiz, and John Scimeca.

Arlene S. Zwilling, Assistant County Attorney, Christine Malafi, Suffolk County

Attorney, Hauppage, NY, for Defendants–Appellees County of Suffolk and Officers Fabey and Bieselin.

PRESENT: CARDAMONE, CABRANES and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

Plaintiffs appeal from a final judgment granting summary judgment for defendants. The motion for summary judgment was before the Magistrate Judge by consent of the parties.

Plaintiffs' primary claim is that the code enforcement proceedings instituted by defendants stem from their allegations of bribery against defendant Mondello and give rise to a First Amendment retaliation claim. The District Court held that because the complaint was made by an employee of the Cullens' company but not by either of the Cullens, they do not have standing to bring a retaliation claim based on the complaint. The District Court further found that even if the Cullens did have standing, the claim must fail as there was no causal connection between the protected speech and any adverse action taken against plaintiffs.

We need not here determine whether plaintiffs have standing on this claim, as it is clear that the District Court correctly found that there was no causal connection between the protected speech and any adverse action taken against plaintiffs. We have held that "[t]o establish a retaliation claim under § 1983 in this case, [plaintiff] must show that (1) his conduct was protected by the First Amendment, and (2) such conduct prompted or substantially caused defendant's action." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 91 (2d Cir.2002); *see also Gagliardi v. Village of Pawling,* 18 F.3d 188, 194 (2d Cir.1994); *Brady v.*

*Town of Colchester,* 863 F.2d 205, 217 (2d Cir.1988). There is no basis in the record upon which to conclude that legal actions which had been threatened by the Town Attorney on numerous occasions earlier in 2000 and before were taken in response to the bribery complaint, such that it could be said that the complaint was a motivating factor in the determination to bring the legal action. Plaintiffs' complaint did not immunize them from all subsequent legal actions, especially those which had been the subject of litigation for nearly ten years prior to their complaint, and which involved enforcement proceedings based on undisputed violations of local zoning law. We affirm the District Court's dismissal of this claim.

We reject plaintiffs' remaining contentions for the reasons stated by the District Court in its comprehensive and careful Memorandum and Order of February 23, 2004.

With respect to the cross-appeal, we affirm the District Court's decision to deny defendants's counter-claim for attorneys fees under 42 U.S.C. § 1988(b), for the reasons stated in the District Court opinion.

We have considered all of plaintiffs' claims on appeal and have found them to be without merit. We hereby AFFIRM the judgment of the District Court.