21-1329-cv
*Santucci v. Levine et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-two.

PRESENT:     DENNIS JACOBS,
             REENI RAGGI,
             WILLIAM J. NARDINI,
                      *Circuit Judges.*

_____

DENNIS SANTUCCI, KIMBERLEY SANTUCCI,

  *Plaintiffs-Appellants*,

  v.             No. 21-1329-cv

MICHAEL LEVINE, individually, WILLIS STEPHENS, individually,
TOWN OF SOUTHEAST, NY,

  *Defendants-Appellees*,

TONY HAY, individually,

  *Defendant.**

_____

For Plaintiffs-Appellants:   MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, NY.

For Defendants-Appellees:   STEPHEN J. GABA (Adam L. Rodd, *on the brief*), Drake Loeb PLLC, New Windsor, NY.

_____

* The Clerk of the Court is directed to amend the caption as indicated above.

On appeal from the United States District Court for the Southern District of New York (Philip M. Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on May 17, 2021, is **AFFIRMED**.

Plaintiffs-Appellants Dennis and Kimberley Santucci, residents of the Town of Southeast, brought an action under 42 U.S.C. § 1983 alleging Fourteenth Amendment selective enforcement and First Amendment retaliation claims against Defendants-Appellees Southeast and, in their individual capacity, Southeast's building inspector Michael Levine and town counsel Willis Stephens (collectively, "Defendants"). The district court dismissed the Santuccis' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] The Santuccis timely appealed. We assume the reader's familiarity with the record.

We review *de novo* a district court's dismissal under Rule 12(b)(6). *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015).

In dismissing the Santuccis' retaliation claim, the district court held that the complaint did not adequately allege the second element of their claim — that "[D]efendant[s'] actions were motivated or substantially caused by [the Santuccis'] exercise of [their free speech] right[s]," *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) — in part because "any actionable conduct took place *before* [the Santuccis] engaged in protected conduct," *Santucci v. Levine*, No. 17-CV-10204 (PMH), 2021 WL 76337, at *6 (S.D.N.Y. Jan. 8, 2021) (emphasis in original). We agree. The Santuccis' first alleged protected conduct was their "question[ing] the apparently unequal enforcement of the town's zoning ordinance" based on their observation that one of their neighbors was engaging in a grading project (of more significant scale than the Santuccis' grading project) in connection with a motocross track without the required permit. Joint App'x at 45. But they raised that issue in April 2014. It was a month *earlier*, in March 2014, that Levine engaged in the first allegedly retaliatory act — that is, issuing a notice of violation and stop work order related to a wall and fence project that the Santuccis were conducting on their property. *Id.*; *see Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (stating that "[i]t is, of course, true that temporal proximity can demonstrate a causal nexus," but noting absence of causal connection where adverse actions occurred "before the plaintiff had ever engaged in any protected activity").

As the district court noted, because the Santuccis failed to respond to Defendants' argument that certain alleged incidents could not support a retaliation claim, the Santuccis "effectively concede[d]" this argument in the court below. *Santucci*, 2021 WL 76337, at *7 n.7 (alteration in original). We address the issue here only for the sake of completeness. As to the

---

[1] The Santuccis voluntarily dismissed with prejudice the fifth cause of action alleging a First Amendment free speech violation against Defendant Tony Hay and Southeast.

2

notices of violation that Levine issued the Santuccis for "having too many chickens" and "storing a commercial construction vehicle in a residential zone," Joint App'x at 53, the complaint alleges that these were prompted by the Santuccis' communication with a special counsel for Southeast. But the complaint does not allege that Levine or Stephens was aware of that communication when they issued those notices. *See Espinal v. Goord*, 558 F.3d 119, 129–30 (2d Cir. 2009). As to the notice of violation Levine issued for the Santuccis' "above-ground pool," Joint App'x at 62, the complaint does not allege any causal connection to protected conduct (much less that the pool in fact complied with Southeast's zoning laws). *See id.*[2]

The district court also properly rejected the Santuccis' argument that their retaliation claim can be sustained on a theory of continued and escalating enforcement of the April 2014 wall and fence violation because the complaint "does not suggest that enforcement escalated" after the Santuccis engaged in protected conduct. *Santucci*, 2021 WL 76337, at *8 (internal quotation marks omitted). Two episodes cited by the Santuccis did not involve enforcement action against them: (1) Southeast's Planning Board's decision regarding the need for a special permit that was favorable to the Santuccis; and (2) Southeast noting a zoning violation by another of the Santuccis' neighbors but failing to act against that neighbor. The only allegations as to later enforcement actions are conclusory with respect to causation and, in one instance, belied by the fact that the action was prompted by the complaints of an unspecified neighbor.

The Santuccis argue that proximity is enough to withstand dismissal on the pleadings. *See Specht v. City of New York*, 15 F.4th 594, 605 (2d Cir. 2021). But here, the alleged proximity is almost entirely based on a series of decisions by the town building and zoning authorities, which started with a notice of violation issued against the Santuccis *before* any alleged precipitating act. The subsequent pattern of precipitating acts and adverse actions, which form the basis of the complaint, consists of arguments and objections raised in connection with those zoning decisions, and further decisions related to the same zoning controversies. *See Cullen v. Mondello*, 117 F. App'x 782, 784 (2d Cir. 2004) ("Plaintiffs' complaint did not immunize them from all subsequent legal actions . . . which involved enforcement proceedings based on undisputed violations of local zoning law."). This is a paradigmatic example of a case that is resolved by the principle (adopted in the context of a substantive due process claim) that we do not sit as a court of review for the zoning board: "federal courts should not become zoning boards of appeal to review nonconstitutional land use determinations by the circuit's many local legislative and administrative agencies." *Sullivan v. Town of Salem*, 805 F.2d 81, 82 (2d Cir. 1986). In short, these allegations are insufficient to infer continued or escalating enforcement actions, much less actions taken on an impermissible basis.

---

[2] While the Santuccis were not required to plead compliance, *cf. Lowrance v. Achtyl*, 20 F.3d 529, 535 (2d Cir. 1994) (holding that, on summary judgment, defendants overcame plaintiff's showing that retaliatory motive played substantial role in adverse action by demonstrating that defendants would have taken same action absent improper reason), doing so might have provided some support for the causal connection element of their claim.

3

As to the Santuccis' Fourteenth Amendment claim, the complaint fails to state a selective enforcement claim because it does not plead facts sufficient to show that the Santuccis were "similarly situated in all material respects" to their neighbor whose property contained a motocross track. *Hu v. City of New York*, 927 F.3d 81, 96 (2d Cir. 2019) (citation omitted).

We have considered the Santuccis' remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4