23-7838-cv
Dfinity Found. v. N.Y. Times Co.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-four.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
EUNICE C. LEE,
*Circuit Judges*.

-------------------------------------------------------------------

DFINITY FOUNDATION, SWITZERLAND-BASED NOT-FOR-PROFIT ORGANIZATION,

*Plaintiff-Appellant*,

v.                                                                No. 23-7838-cv

THE NEW YORK TIMES COMPANY, A NEW YORK CORPORATION, ANDREW ROSS SORKIN, AN INDIVIDUAL, EPHRAT LIVNI, AN INDIVIDUAL, ARKHAM INTELLIGENCE, INC., A DELAWARE CORPORATION, MIGUEL MOREL, AN INDIVIDUAL, JONAH BENNET, AN INDIVIDUAL, ZACHARY LERANGIS, AN INDIVIDUAL, KEEGAN MCNAMARA, AN

INDIVIDUAL, NICHOLAS LONGO, AN
INDIVIDUAL, JOHN DOES 1–10,

*Defendants-Appellees.\**
-------------------------------------------------------------------

FOR APPELLANT:
DILAN A. ESPER (Charles J. Harder, Emmanuel B. Fua, *on the brief*), Harder Stonerock LLP, New York, NY

FOR APPELLEES THE NEW YORK TIMES COMPANY, ANDREW ROSS SORKIN, EPHRAT LIVNI:
DANA R. GREEN (David E. McCraw, *on the brief*), The New York Times Company Legal Department, New York, NY

FOR APPELLEES ARKHAM INTELLIGENCE, INC., MIGUEL MOREL, ZACHARY LERANGIS, NICHOLAS LONGO:
ANDREW KIM (Jeffrey A. Simes, Meghan K. Spillane, Goodwin Procter LLP, New York, NY, Jesse Lempel, Goodwin Procter LLP, Boston, MA, *on the brief*), Goodwin Procter LLP, Washington, DC

FOR APPELLEE KEEGAN MCNAMARA:
DANIEL A. SINGER, Law Offices of Daniel A. Singer PLLC, New York, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

---

\* The Clerk of Court is directed to amend the caption as set forth above.

2

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Dfinity Foundation appeals from a November 14, 2023 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) dismissing its complaint against Defendants-Appellees for failure to state a claim. Dfinity brought New York state law defamation and deceptive business practice claims against Arkham Intelligence, Inc. and its current and former employees (the "Arkham Defendants") arising from Arkham's publication of a report and video analyzing the collapse in price of Dfinity's Internet Computer Protocol ("ICP") token, a blockchain asset that can be traded as a cryptocurrency. Dfinity also sued The New York Times Company and two individual reporters (the "Times Defendants") for defamation under New York law, based on a New York Times article discussing the decline in ICP's value and citing to the Arkham report. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I. **Defamation Claims**

A. **Arkham Defendants**

Where the defamation claim is brought by a public figure, the First

3

Amendment requires a showing that the defendant acted with actual malice, as defined in *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964), to mean awareness of the falsity or reckless disregard for likely falsity of the challenged statements. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015).[1]   The District Court dismissed Dfinity's defamation claims against the Arkham Defendants after concluding, among other reasons, that Dfinity had failed to plead facts sufficient to establish actual malice.   On appeal, Dfinity argues that its complaint adequately pleads actual malice.   We reject that argument and affirm with respect to the Arkham Defendants.

The "hurdles to plausibly pleading actual malice . . . [are] significant given the First Amendment interests at stake" in defamation cases.   *Id.* at 545.   "[A] public-figure plaintiff must plead 'plausible grounds' to infer actual malice by alleging 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' actual malice."   *Id.* at 546 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).   The allegations must plausibly support that the defendant acted with "a subjective awareness of either falsity or probable falsity

---

[1] Dfinity does not dispute that it qualifies as a public figure and is required to plead actual malice as an element of its defamation claim.

of the defamatory statement[s], or acted with reckless disregard of the . . . truth or falsity" of the challenged statements. *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 182 (2d Cir. 2000).

Dfinity's allegations fall short of raising a plausible inference of actual malice. *See Biro*, 807 F.3d at 545. The allegations that Arkham has ties to Dfinity's economic competitors or that Arkham's officers fled the country flush with cash after the report's publication do not support a plausible inference that the Arkham Defendants acted with malice "at the time of publication." *Herbert v. Lando*, 781 F.2d 298, 306 (2d Cir. 1986); *see Celle*, 209 F.3d at 182.

Finally, although malice may be inferred when a publication is "fabricated or is based *wholly* on an unverified, anonymous source," *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 174 (2d Cir. 2001) (emphasis added), Dfinity's claims about the veracity of the data discussed in the report fail to render its allegations of malice plausible. Dfinity claims that the facts in the Arkham report are fabricated. But the complaint does not allege that the underlying blockchain data cited in the report is inaccurate. And to the extent that Dfinity's complaint references specific transfers of ICP, it confirms rather than contradicts the underlying data provided by Arkham. Dfinity also claims that the statements in

5

the Arkham report were inherently implausible because Dfinity's senior team members were subject to lockup restrictions and delayed token allocations at the time of the ICP token launch.   The existence of lockup restrictions does not negate the statements made in the Arkham report regarding the possibility that current or *former* employees engaged in the transfers alleged.   In any event, as to the actual malice element, Dfinity has not plausibly alleged that Arkham was aware of any lockup restrictions before it published the report.[2]   *See Lando*, 781 F.2d at 306.

Accordingly, we affirm the District Court's dismissal of the defamation claims against Arkham on the ground that Dfinity has failed to allege actual malice.

B. **Times Defendants**

Dfinity's defamation claim against the Times Defendants rests on three

---

[2] On appeal, Dfinity explicitly argues that the underlying data in the Arkham report was fabricated, and it urges us to consider the transcript of an interview with Dfinity employees, Arkham CEO Miguel Morel, and a third-party blockchain analyst, in which the Dfinity employees allege that Arkham's data is untrue and unverifiable.   This evidence is outside the "narrow universe of materials" we may review on a motion to dismiss, and we decline to consider it here.   *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023).   And, for reasons stated below, we do not find that the contents of the interview would serve to plead the falsity of the underlying transactions and allege malice even if included in the complaint.

statements (out of five initially alleged in the complaint) published in an article that discussed the ICP price crash and cited the Arkham report.  We agree that the District Court properly dismissed the defamation claims based on these statements.

Statement 1, in which the article described the release of ICP tokens as an "initial coin offering, the crypto equivalent of a company going public and listing shares for investors to buy," is non-actionable.  App'x 14 ¶ 35(a).  Dfinity claims that the statement falsely implies that ICP is a security and that Dfinity illegally engaged in the unregistered sale of securities.  Because not all initial coin offerings are regulated as securities sales, *see* U.S. Sec. & Exch. Comm'n, *Framework for "Investment Contract" Analysis of Digital Assets* (Apr. 3, 2019), we agree with the District Court that Dfinity's reading represents a "strained" and "artificial" interpretation of the statement.  *Dfinity Found. v. N.Y. Times Co.*, No. 22-cv-5418, 2023 WL 7526458, at *4 (S.D.N.Y. Nov. 13, 2023) (quoting *Aronson v. Wiersma*, 65 N.Y.2d 592, 594 (1985)).  The description of the ICP release as an initial coin offering, either alone or viewed in light of the other challenged statements, is not itself "reasonably susceptible of a defamatory meaning." *Aronson*, 65 N.Y.2d at 594.

We also affirm the District Court's dismissal of claims arising from statements 4 and 5 on the basis that Dfinity has failed to plead actual malice. Dfinity's conclusory and implausible allegations do not establish that the Times Defendants "actually entertained serious doubts about the veracity of the publication[s], or that there [were] *obvious* reasons to doubt the veracity of [Arkham] or the accuracy of [its] reports." *Contemp. Mission, Inc. v. N.Y. Times Co.*, 842 F.2d 612, 621 (2d Cir. 1988) (quotation marks omitted).

We accordingly affirm the District Court's dismissals of the defamation claims against the Times Defendants.

## II. Deceptive Business Practices Claim Against Arkham

Dfinity also claims that the Arkham Defendants violated New York General Business Law § 349(a), which prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service[s] in [New York]." We affirm the District Court's dismissal of this claim for substantially the reasons explained by the District Court: the gravamen of the complaint was not consumer injury or harm to the public interest. *See Dfinity Found.*, 2023 WL 7526458, at *6; *see also Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995).

8

### III.  Leave to Amend

The District Court dismissed the case without addressing Dfinity's request for leave to amend its complaint.   We construe the District Court's dismissal as having also implicitly denied leave to amend on the basis that it would be futile to do so.   On appeal, Dfinity argues that amendment would not be futile.   In support, it points to the interview statements of Miguel Morel, Arkham's Chief Executive Officer, acknowledging that the Arkham report failed to disclose available data on which it relied, in the form of links to specific blockchain transactions or addresses.   Dfinity asserts that amending the complaint to add Morel's statements during the interview would cure any pleading deficiencies identified by the District Court.   We disagree.   The Morel interview does not adequately support that the transactions detailed in the Arkham report were false or fabricated.

We accordingly affirm the District Court's decision to dismiss without granting leave to amend.

## CONCLUSION

We have considered Dfinity's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court